**Brightshue v. Carlson**

C.P. of Lawrence County, no. 10596 of 2000, C.A.

*Theodore A. Saad,* for plaintiff.
*Norman J. Barilla,* for defendant.

HODGE, *J.,* January 22, 2007—This case is currently listed for a continuation of a custody hearing on January 23, 2007. Previously, this court heard testimony in this case on two prior occasions.

It has been brought to the court's attention that on January 19, 2007, the defendant/father, Timothy R. Carlson, filed a motion in the Court of Common Pleas of Mahoning County, Ohio, Juvenile Division, case number 94 JI942, to return the case to Mahoning County Juvenile Court.

From review of the record in this case, it appears that initial child custody litigation involving these parties was initiated in Juvenile Court of Mahoning County, Ohio, at case number 94 JI942, on or about January 9, 1995.

On October 31, 2000, the Court of Common Pleas of Mahoning County transferred jurisdiction of the case to Pennsylvania, based upon the fact that the mother/custodial parent had moved to Pennsylvania with the minor child.

Thereafter, the mother fled with the minor child and was subsequently located in May of 2005 living in Columbus, Ohio. Proceedings instituted in Franklin County, Ohio (Columbus) resulted in the case being transferred back to Pennsylvania, which was the court of last proceedings involving the child.

Pursuant to order of the Court of Common Pleas of Lawrence County, Pennsylvania, dated August 10, 2005, the father was awarded primary physical custody and legal custody of the child, and the child was placed in residence with her paternal grandparents in Youngstown, Mahoning County, Ohio.

Currently, the plaintiff/natural mother resides in Columbus, Ohio, the defendant/father resides in Mahoning County, Ohio, and the minor child resides in Mahoning County, Ohio.

The question for determination by the court is whether or not the Court of Common Pleas of Lawrence County, Pennsylvania has exclusive and continuing jurisdiction to proceed with hearing this matter pursuant to the Uniform Child Custody and Jurisdiction Act (U.C.C.J.A.), 23 Pa.C.S. §5401 et seq.

Section 5422 of the U.C.C.J.A. sets forth the following test to determine whether a trial court maintains "exclusive, continuing jurisdiction" over its initial child custody order:

"(a) General rule—except as otherwise provided in section 5424, a court of this Commonwealth which has made a child custody determination consistent with section 5421 or 5423 has exclusive, continuing jurisdiction over the determination until:

"(1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training, and personal relationships, or

"(2) a court of this Commonwealth or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this Commonwealth."

Jurisdiction under the U.C.C.J.A. may be based on "home state jurisdiction," "significant contact," or "parens patriae" jurisdiction for those emergency situations where a child is abandoned, abused, or dependant.

"The home state is the preferred basis for jurisdiction pursuant to the U.C.C.J.A." See *McCoy v. Thresh,* 862 A.2d 109, 113 (Pa. Super. 2004), citing *Dincer v. Dincer,* 549 Pa. 309, 701 A.2d 210 (1997). There is no question here that the "home state" is Ohio and not Pennsylvania.

After conducting a home state analysis a court must perform a "significant connection analysis," pursuant to section 5344(a)(2) of the U.C.C.J.A. Clearly at this time, the child has no significant connection whatsoever to the Commonwealth of Pennsylvania. As a result, this court will enter the attached stay order pursuant to section 5426 and section 5427 of the U.C.C.J.A., staying the proceedings in this case pending acceptance of jurisdiction of this case by the Court of Common Pleas of Mahoning County, Ohio, Juvenile Court Division.

Upon the acceptance of jurisdiction of the case by the Court of Common Pleas of Mahoning County, Ohio, Juvenile Court Division, this court will enter an order dismissing this case and relieving the plaintiff of the appearance bond filed of record in the office of the prothonotary of Lawrence County, Pennsylvania.

## ORDER

And now, January 22, 2007, upon consideration of the matters and issues set forth in the attached opinion, further proceedings in this case are hereby stayed in accordance with the provisions of the Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. §§5426(b) and 5437(c). See also, *Wagner v. Wagner,* 887 A.2d 282 (Pa. Super. 2005); *Lucas v. Lucas,* 882 A.2d 523 (Pa. Super. 2005).

Further proceedings in this case shall be only on motion of counsel for either party.

The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.